IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BRYAN HOLLIDAY,**<br><br>          Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>          Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:06CV68 DAK |

This matter is before the court on Bryan Holliday's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On February 1, 2005, Petitioner pleaded guilty to violating 18 U.S.C. § 924(c) (Brandishing a Firearm During a Crime of Violence).  He was sentenced immediately following his plea of guilty.  He was sentenced to 84 months in prison and 60 months of supervised release.

Petitioner argues that he was denied due process and effective assistance of counsel because the Probation Department failed to prepare a Presentence Investigation Report for the judge's review.  Thus, he claims, because there was no Presentence Report, he cannot challenge any factors that might have been considered in determining his sentence.

Petitioner's contentions lack merit.  Petitioner specifically waived the preparation of a PSI Report and requested to be sentenced at the same time that he entered his plea.  He cannot credibly challenge his sentence when the government specifically agreed to recommend that he

1

receive a sentence of seven years, and he indeed received a sentence of seven years.  *See Statement in Advance of Plea at 5*.

Moreover, in his Statement in Advance of Plea, Petitioner also waived his right to collaterally challenge his sentence.  Specifically, he agreed that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

Thus, the court finds no merit to Petitioner's claims that he was denied due process and effective assistance of counsel.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 27th day of January, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge